Morris *v.* State.

4107                                    123 S. W. 2d 513

Opinion delivered January 9, 1939.

W. F. Reeves, for appellant.

Jack Holt, Attorney General, and Jno. P. Streepey, Assistant Attorney General, for appellee.

Smith, J. Ernest Wallace, Denver Herrington, and appellant, DeWitt Morris, were charged jointly with the crime of grand larceny, alleged to have been committed by stealing two heifers, the property of Bill Mann. All were convicted, Morris has appealed.

For the reversal of the judgment it is insisted that there was no testimony connecting appellant with the commission of the crime except that of Ernest Wallace, an admitted accomplice, and a confession which had been improperly extorted from appellant himself and which was inadmissible for that reason.

The defendants are all young men, in their early twenties, and it is undisputed that, together, they loaded into appellant's truck the heifers belonging to Mann. That the heifers were being stolen appears certain. Appellant's defense was that the heifers were loaded into his truck under an agreement with his co-defendants to purchase them, and that he did not suspect they were being stolen. Appellant was examined and cross-examined at great length upon this feature of the case, and

his story was one which evidently carried no conviction or raised any reasonable doubt as to its truth. The heifers were placed in a barn one night and loaded into the truck the next night. Appellant testified that he agreed to pay 3½ cents per pound for the heifers, and an estimate of their weight made the purchase price from $10 to $10.50. Appellant testified that he paid no part of the purchase money. His associates testified that he paid $5 the night the heifers were placed in the truck, and $3 the next day. The heifers were to be carried to Springfield, Missouri, for sale. As the truck was being driven from the barn, one of the heifers escaped after the rope with which it had been tied broke. It was later found with the rope around its horns. The other heifer was unloaded and tied to a tree. Appellant testified that he released this heifer the next day. It has never been seen since.

Barnett, the sheriff of the county, testified that defendant, Wallace, confessed the crime, and told the part each defendant played in its commission, and that appellant, Morris, voluntarily made a statement, in which he admitted having made a payment of $5 and $3, as stated by Wallace.

Appellant admitted making statements in the office of the sheriff of Boone county after his arrest, and later in the same place to the prosecuting attorney, the effect of which was to admit his guilt; but he testified that he made these statements after being whipped in the sheriff's office by Bill Murphy, a man known to him. The sheriff of Boone county denied that appellant had been whipped in his office, or at any other place, while a prisoner in that county. Aside from the positive testimony of the sheriff as to whether appellant had been whipped, and thus induced to confess, the extended cross-examination of appellant upon this question makes it very doubtful whether he had been whipped.

The court gave over appellant's objection and exception an instruction numbered 4 reading as follows: "You are further instructed that the alleged confessions of the defendants in order to be competent must have been freely and voluntarily made, without duress or promise

of leniency; and the jury should consider all the circumstances surrounding the defendants at the time the alleged confessions were made and give to said confessions such weight as you think proper under the circumstances.''

The court, also, gave at the request of appellant instructions numbered 2 and 3 on the subject of the alleged confession reading as follows:

''No. 2. You are instructed that before you can consider a confession of a defendant against him in the trial of the cases wherein he is being tried, you must find that the confession was made without fear, threats, intimidation, or promise of reward or leniency, and that the statements made in such confession were true. If you find that any confession relied upon by the state was not true, or that it was obtained by threats, fear, intimidation, or hope of leniency or reward, then you will be authorized to wholly disregard such confession and not consider it in arriving at your verdict; or if you have a reasonable doubt of the truth of such confession, or that it was not made freely and voluntarily, you should give the defendant the benefit of such doubt in the consideration thereof.

''No. 3. I instruct you that in this case you can only consider under any circumstances, any confession that might have been made after the crime, if any, was committed, and made in the absence of other defendants, only against the particular defendant whom you may find that made such voluntary confession, and that you cannot consider such confession against any other defendant in the case who was not present when the same was made.''

These instructions correctly and fully declared the law as to the conditions under which alleged confessions are admissible and as to the manner in which they should be weighed and considered.

Appellant's own confession, if voluntarily made, was ample corroboration of the testimony of his alleged accomplice, and the jury was fully and properly instructed as to the corroboration of the testimony of an accomplice necessary and sufficient to sustain a conviction.

There appears to be no error in the record, and the corroboration of the alleged accomplice meets the requirements of the law.

The judgment must, therefore, be affirmed, and it is so ordered.